UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-518

| | |
|---|---|
| NADINE ENGEL, | ) |
| Plaintiff, | ) |
| v. | ) **COMPLAINT** |
| SUNENERGY1, LLC, | ) |
| Defendant. | ) **JURY TRIAL DEMANDED** |

## I. INTRODUCTION

1. Plaintiff Nadine Engel bring this action for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"). She was the victim of Defendant SunEnergy1, LLC's hostile work environment based on sex and was constructively discharged from her job by that environment. Defendant SunEnergy1, LLC discriminated against Plaintiff based on her gender and retaliated against her for opposing and reporting violations of Title VII.

## II. PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Nadine Engel ("Nadine" or "Plaintiff Engel") resides in Mecklenburg County, North Carolina.

3. Defendant SunEnergy1, LLC is a North Carolina corporation, with its principal office in the Western District of North Carolina.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as there are

1

issues of federal law.

5. Venue is proper in the Western District of North Carolina because: (a) Defendant's unlawful activities were committed in the Western District of North Carolina—including in Charlotte, North Carolina; (b) Plaintiff worked in the Western District of North Carolina for Defendant; (c) Defendant resides in the Western District of North Carolina because it is subject to the Court's personal jurisdiction here in light of its presence in the Western District of North Carolina; and (d) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Western District of North Carolina.

### III. FACTUAL STATEMENT

6. In July 2020, the Company hired Nadine. Her first day was July 13, 2020. Her manager began immediately sexually harassing her. Her manager directed her what to wear, leered at her sexually, touched her intimately against her will, commented on her body, asked her to sleep with him, forced her to ride on an ATV with him, forced Nadine to wrap her arms around him as he drove the ATV, demanded hugs, embraced her from behind against her will, rubbed her shoulders, caressed her, played with her hair, and kissed her.

7. Nadine's manager, in front of Nadine and other employees: (1) rubbed items on his crotch before distributing them to other employees, (2) grabbed another woman's shirt and pulled it up, exposing her midriff and left brassiere-covered breast, (3) forced a man's head into another female employee's crotch by pushing on the woman's buttocks and the back of the man's head.

8. Nadine reported her manager's Title VII violations to a senior vice president and Defendant's Director of Permitting and Community Relations.

2

Case 3:21-cv-00518-RJC-DSC   Document 1   Filed 09/29/21   Page 2 of 6

9. Nadine's manager demoted her twice in retaliation for her declining his advances and for her opposition to Title VII violations.

10. Management at the Company were on full notice of the hostile work environment based on sex at the Company. The sexual harassment continued for Nadine even after management was on notice.

11. Soon after receiving the notice of Plaintiff's legal claims, SunEnergy1 had several GPS vehicle trackers placed on vehicles associated with Nadine—beginning as early as October 2020, and occurring as recently as December 17, 2020. This retaliation also included trespassing, following, and surveilling Nadine. This retaliatory activity took place at several locations in Mecklenburg County, North Carolina.

12. On December 31, 2020, Nadine filed a discrimination charge with the Charlotte District Office of the Equal Employment Opportunity Commission ("EEOC"). At Nadine's request, the EEOC issued her right to sue letter on July 1, 2021. Nadine hereby incorporates by reference the allegations she made in EEOC Charge No. 430-2021-00609 as if fully stated herein.

## IV. LEGAL CLAIMS

### Count I
### *(Violation of Title VII of the Civil Rights Act of 1964 against Defendant SunEnergy1)*

13. The allegations contained in the foregoing paragraphs are incorporated by reference herein.

14. Plaintiff Engel is, and at all relevant times was, an employee covered by the protections of Title VII of the Civil Rights Act of 1964 ("Title VII") as defined in 42 U.S.C. §

3

2000e(f).

15. Defendant SunEnergy1 is, and at all relevant times was, an employer as defined in 42 U.S.C. § 2000e(b) subject to the prohibitions of Title VII.

16. Title VII prohibits discrimination based on sex.

17. Defendant SunEnergy1 violated Title VII by subjecting Plaintiff Engel to a hostile work environment based upon her sex.

18. Defendant took tangible employment actions against Plaintiff Engel by demoting her, ostracizing her, and altering the terms and conditions of her employment because she rejected her manager's advances.

19. Plaintiff Engel suffered intentional, unwanted harassment because of her sex; the harassment was severe and pervasive; the harassment negatively affected the terms, conditions, or privileges of her employment; the harassment was sex-based; the harassment would detrimentally affect a reasonable person of the same sex; and management knew about the harassment or should have known, and failed to take prompt, remedial action.

20. As a result of the harassment, Plaintiff Engel suffered emotional distress.

21. Defendant SunEnergy1 constructively discharged Plaintiff Engel. Defendant SunEnergy1 intentionally created and harbored a work environment that was so intolerable that any reasonable person would resign, or it otherwise knew that such an environment existed and failed take appropriate remedial actions. Plaintiff Engel resigned because of the intolerable environment at Defendant SunEnergy1.

22. Three weeks after Defendant received Plaintiff's letter stating their Title VII complaints, Defendant demoted Plaintiff Engel.

23. As an actual, proximate, and foreseeable result of Defendant SunEnergy1's actions, Plaintiff Engel has suffered lost income and other fringe benefits, damage to reputation, emotional distress, mental distress and anxiety, depression, embarrassment, humiliation, and other compensatory damages.

24. Defendant SunEnergy1's actions were done maliciously, willfully, wantonly, or in a manner that demonstrates a reckless disregard for Plaintiff Engel's rights. As a result of Defendant SunEnergy1's conduct, Plaintiff Engel is entitled to recover punitive damages. Defendant SunEnergy1's officers, directors, and managers participated in and condoned the malicious, willful, wanton, and reckless conduct alleged above.

## JURY TRIAL DEMANDED

WHEREFORE, the Plaintiff prays the Court to:

2. Enter a judgment against Defendant and order Defendant to pay Plaintiff Engel compensatory damages in an amount to be determined at trial;

3. Award Plaintiff Engel punitive damages;

4. Award Plaintiff Engel all reasonable costs and attorney's fees incurred in connection with this action;

5. Award Plaintiff Engel such other and further equitable relief as the Court deems appropriate under the circumstances;

6. Grant Plaintiff a trial of this matter by a jury.

This the 29th day of September, 2021.

> */s/ Kevin P. Murphy*
> Sean F. Herrmann
> North Carolina Bar No. 44453
> Kevin P. Murphy
> North Carolina Bar No. 41467
> 400 Clarice Avenue
> Suite 100
> Charlotte, North Carolina 28204
> Phone: 704-940-6399
> Fax: 704-940-6407
> Email: sean@herrmannmurphy.com
> Email: kevin@herrmannmurphy.com
>
> *Attorneys for Plaintiff*